| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CRIMINAL ACTION NO. 4:11-CR-6(48) |
| § | |
| PABLO LUIS AVILEZ § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Pablo Luis Avilez's ("Avilez") *pro se* Letter Requesting Transcript Without Payment (#1937), wherein he asks the court for a free copy of his sentencing hearing transcript. After considering the motion and the applicable law, the court is of the opinion that Avilez's request should be denied.

Federal statutes govern the availability of records at government expense to indigent petitioners seeking post-conviction relief. *See* 28 U.S.C. § 753(f) (covering transcripts); *id.* at § 2250 (covering other court records). Under § 753(f), free transcripts are available only if the judge "certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue." This requires the movant to make the court aware of "any facts that might require a close examination of the trial transcript." *United States v. Davis*, 369 F. App'x 546, 546-47 (5th Cir. 2010) (quoting *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985)). The movant "must also establish that the transcript is necessary for proper disposition of the appeal." *Frazier v. Foxworth*, 697 F. App'x 840, 841 (5th Cir. 2017). "A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error." *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970); *see United States v. Watson*, No. 02-30604, 2003 WL 1109766, at *1 (5th Cir. 2003) (holding that petitioners are "not entitled to conduct a 'fishing expedition' to locate possible errors"); *United States v. Herrera*, 474 F.2d

1049, 1049-50 (5th Cir.) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."), *cert. denied*, 414 U.S. 861 (1973); *United States v. Delgado*, No. 06CR60074-08, 2012 WL 2952425, at *2 (W.D. La. July 18, 2012) ("[A]n indigent defendant has no constitutional right to acquire a free copy of her transcript or other court records for use in a collateral proceeding.").

Here, Avilez seeks a copy of his sentencing hearing transcript at the government's expense. Thus, Avilez must satisfy the requirements of 28 U.S.C. § 753(f); however, in his present letter, he identifies no particular need for his transcript, nor does he identify a substantial question relevant to appeal. *See Frazier*, 697 F. App'x at 841; *Harvey*, 754 F.2d at 571. In fact, despite the court entering judgment on September 23, 2011, Avilez did not file a notice of appeal of his criminal conviction and has not brought a post-conviction challenge to his conviction or sentence, except for seeking a sentence reduction under Amendment 782 to the United States Sentencing Guidelines.[1] *See United States v. Driver*, 326 F. App'x 876, 2009 WL 1706382, at *1 (5th Cir. 2009) (holding that defendant "did not timely appeal the denial of his § 2255 motion," and there was no pending motion before the court, therefore defendant was not entitled to free copies of court documents); *United States v. Agbomire*, 239 F. App'x 929, 929-30 (5th Cir. 2007) (upholding the district court's denial of a request for copies of court records where the defendant did not have a § 2255 petition pending); *United States v. Guzman*, No. 96-50226, 1996 WL 661631, at *1 (5th Cir. Oct. 24, 1996) ("A federal prisoner who has not attempted to file a

---

[1] Avilez filed his Motion to Reduce Sentence (#1874) on October 13, 2015. The motion was subsequently granted on February 23, 2016. *See* Doc. No. 1884.

petition collaterally attacking his conviction is not entitled to obtain copies of court records at government expense to search for possible error."); *Skinner*, 434 F.2d at 1037 ("[The Fifth Circuit] has consistently held that where a federal prisoner has not attempted to file a petition collaterally attacking his conviction, he is not entitled to obtain copies of court records at the government's expense under 28 U.S.C. § 2250 to search the record for possible error."). A stated intention to file a § 2255 petition is insufficient to receive documents at the Government's expense. *See United States v. McCuller*, No. C-06-546(4), 2007 WL 4376110, at *1 (S.D. Tex. Dec. 13, 2007) ("Although [the defendant] apparently seeks the transcripts in order to file a § 2255 motion, no such motion has yet been filed. Accordingly, he fails to meet the statutory requirements for free transcripts or documents.").

Consequently, the court finds that Avilez fails to meet the statutory requirements for a free copy of his sentencing transcript under § 753(f), and, thus, his Letter Requesting Transcript Without Payment (#1937) is DENIED.

SIGNED at Beaumont, Texas, this 2nd day of May, 2018.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE